IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                         ORDER

    v.                                03-cr-20-bbc-1

CHARLES BLANDIN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Charles Blandin's supervised release was held on December 4, 2014, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Syovata K. Edari. Also present was U.S. Probation Officer Jelani Brown.

From the record and the parties' stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 25, 2003, following his conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 36-month term of supervised release to follow. Defendant began his term of supervised release on February 27, 2012.

Defendant violated Special Condition No. 5 of his conditions of supervised release requiring him to complete 60 days in a residential reentry center, when he was discharged from the center on November 6, 2014 for violating program rules. Defendant violated Standard Condition No. 9 of his conditions of supervised release prohibiting him from associating with any person engaged in criminal activity or with any person convicted of a felony unless granted permission, as well as the mandatory condition prohibiting him from committing another federal, state or local crime, when on November 6, 2014, he was a passenger in a vehicle driven by a convicted felon and containing marijuana. Defendant was cited for possession of drug paraphernalia after a traffic stop.

CONCLUSIONS

Defendant's misconduct falls into the category of a Grade C violation, as defined by § 7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, I have the discretion to revoke supervised release, extend supervision or modify the conditions of release. A criminal history category of V with a Grade C violation results in an advisory guideline range of imprisonment of 7 to 13

months. The statutory maximum to which defendant can be sentenced upon revocation is two years because his original conviction was for a Class C felony. Although defendant's violation may warrant revocation, I am inclined to postpone determination for 80 days.

ORDER

IT IS ORDERED that sentencing in this case is postponed for 80 days. I am placing defendant on notice that he remains on supervised release and must comply with the conditions of his supervision. The sentence he receives will be determined largely by his conduct during the next 80 days.

Entered this 4th day of December 2014.

BY THE COURT:
/s/
Honorable Barbara B. Crabb
U.S. District Judge