IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

     v.                                                    03-cr-20-bbc-1

CHARLES BLANDIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Charles Blandin's supervised release was held on February 23, 2015 before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Syovata K. Edari, and the probation office was represented by U.S. Probation Officer Michael Bell.

      Earlier, on December 4, 2014, defendant had appeared with counsel for a judicial review hearing, after he had discharged from the Schwert AODA Treatment Center on November 6, 2014 for violating program rules and had been found the same day riding with a convicted felon in a vehicle containing marijuana. The discharge was a violation of Special Condition No. 5 of his conditions of supervised release, which required him to complete 60

1

days in a residential reentry center; riding in a car with a convicted felon was a violation of Standard Condition No. 9 of his conditions of supervised release prohibiting him from associating with any person engaged in criminal activity or with any person convicted of a felony unless granted permission, as well as the mandatory condition prohibiting him from committing another federal, state or local crime.  Despite these violations, I postponed sentencing for 80 days to give defendant another chance to adjust to supervised release.

Since the December 4, 2014 hearing, defendant has committed no additional violations.  He has made serious efforts during the past 80 days to remain sober and law-abiding.  Therefore, I concluded that it was appropriate to allow defendant to serve out the remaining two days of his supervised release and be discharged.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 25, 2003 is hereby discharged as of Thursday, February 26, 2015. This determination

is based on defendant's efforts during the past 80-plus days to maintain sobriety and to remain law-abiding.

Entered this 24th day of February, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge